IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EVERETT MICHAEL BYERS,            )
                                  )
            Petitioner,            )
                                  )     1:12CV735
        v.                         )     1:08CR129-1
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.            )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Everett Michael Byers, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:08CR129-1, Doc. #36]. On August 11, 2008, Petitioner was convicted of one count of possession of ammunition following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) (Count Two) and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) (Count Three). He was sentenced as an Armed Career Criminal based on an enhancement applicable to the conviction in Count Two, and he received concurrent sentences of 240 months imprisonment on Counts Two and Three. After an unsuccessful direct appeal, Petitioner brought the present Motion [Doc. #36].

Petitioner claims in his Motion that the Armed Career Criminal enhancement on Count Two is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the enhancement was based on state convictions that were not punishable by more than one year of imprisonment. In response, the Government goes further and concedes that, based on Simmons, the prior North Carolina

conviction listed in Count Two of the Indictment to support the § 922(g)(1) conviction itself would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction listed in Count Two. Based on this determination, the Government concedes that the § 922(g)(1) conviction in Count Two should be vacated. The Government further concedes that resentencing is appropriate as to the remaining Count Three. In this regard, it appears that the original sentence in this case was calculated based on the Armed Career Criminal enhancement for the § 922(g)(1) conviction in Count Two. In addition, as to Count Three, the Government also notes that the same conviction used in the Indictment to support the § 922(g)(1) conviction was used in an Information of Prior Conviction [Doc. #6] that is no longer valid.[1] Based on these determinations, the Government concedes that relief should be granted pursuant to 28 U.S.C. § 2255, that the § 922(g)(1) conviction in Count Two should be vacated, that the sentence in Count Three should be vacated, and that this matter should be set for resentencing.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[2] The parties thus agree that pursuant

---

[1] The now- invalid Information did not affect Petitioner's original sentence, which was controlled by the Armed Career Criminal enhancement. However, it might have become relevant at any resentencing on Count Three.

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must
(continued...)

to the § 2255 Motion, Petitioner should be resentenced.[3] The Court has reviewed the state court judgment reflecting Petitioner's prior conviction that was set out in the Information and in Count Two of the Indictment, and the Court notes that Petitioner's prior conviction was a Class H felony with a prior record level of II. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that his conviction under Count Two of the Indictment be vacated, that his sentence on Count Three be vacated, and that he be resentenced as to Count Three.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #36] be GRANTED, that the Judgment [Doc. #20] be VACATED,

---

[2](...continued)
plead in order to press the defense thereafter.").

[3] Thus, the Government has taken the position that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who do not have a requisite prior felony conviction in light of Simmons. Cf. Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

In addition, the Government has agreed that resentencing is appropriate in this case. On this issue, the Court notes that trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). In the present case, in light of the Government's agreement that Count Two should be vacated, and in light of the sentencing issues that have been raised and the Government's agreement that resentencing is necessary, it would be appropriate to set this case for resentencing to resolve any remaining sentencing issues as to the remaining count.

that Count Two of the Indictment [Doc. #1] be dismissed, and that this matter be set for resentencing as to Count Three.

This, the 19th day of December, 2013.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge